**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **JOCELYN WILDENSTEIN,** | : | |
| | : | **Case No. 18-10766 (MEW)** |
| **Debtor.** | : | |

--------------------------------------------------------------x

| | | |
|---|---|---|
| **REGAL JEWELRY AND GIFT SHOP, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Adv. Proc. No. 18-01615 (MEW)** |
| - against - | : | |
| | : | |
| **JOCELYN WILDENSTEIN,** | : | |
| | : | |
| **Defendant.** | : | |

--------------------------------------------------------------x

## DECISION AS TO PRE-JUDGMENT INTEREST

On March 24, 2021 this Court entered its Decision finding that a debt of $268,000 owed

by debtor Jocelyn Wildenstein ("**Wildenstein**") to plaintiff Regal Jewelry and Gift shop, LLP

("**Regal**") should be excepted from discharge.  The Court directed the parties to file

supplemental submissions regarding Regal's request for an award of prejudgment interest.  The

Court has reviewed those submissions and finds that prejudgment interest should be awarded

through and including April 15, 2021 in the amount of $75,928.44.  Regal's new requests for

awards of treble damages or punitive damages are denied.

### Prejudgment Interest Calculations

The parties agree that the underlying claims in this matter accrued under New York State

law and that prejudgment interest is properly calculated using the 9% annual rate specified in

section 5004 of the New York Civil Practice Law and Rules.  They agree that the claim for

prejudgment interest is not discharged if the underlying debt is not discharged, and that for that

1

purpose prejudgment interest continued to accrue after the filing of the bankruptcy petition.  The

parties differ, however, as to the dates to be used in measuring the interest accruals.

As explained more fully in the Court's March 24, 2021 Decision, Wildenstein agreed to

purchase a five-piece emerald and diamond suite from Regal on November 14, 2017 at a price of

$250,000.  Regal accepted four post-dated checks that were drawn on the account of an entity

named JW51AE, LLC in payment of the purchase price.  Each check was in the amount of

$62,500, and the four checks were dated January 7, 2018, February 7, 2018, March 7, 2018 and

April 7, 2018, respectively.

On November 14, 2017 Wildenstein also agreed to purchase a diamond chain from Regal

at a price of $18,000.  No check was issued in payment for this item, and based on the testimony

at trial no specific payment date was discussed at that time.

One possibility is that interest on the entire purchase price ($268,000) should be

calculated from and after the date of the purchase on November 14, 2017, but neither party

contends that this should be done.  Wildenstein contends that prejudgment interest should be

calculated separately as to each of the proposed post-dated payments and should accrue only as

and when each payment came due, and that interest on the entire $268,000 debt should not begin

to accrue until the date of the filing of the bankruptcy petition on March 20, 2018.  Regal

contends that it made a demand for full payment or for the return of all of the Jewelry on

February 20, 2018 and that interest on the $268,000 debt should accrue beginning on that date.

Wildenstein's proposed calculations would treat a portion of the debt ($18,000) as though

it were not payable at all until the bankruptcy petition was filed on March 20, 2018.  That

contention is not reasonable and is not consistent with the evidence at trial.  While no particular

payment date was promised, it is quite clear that a debt was incurred and that Regal properly

2

demanded full payment (or a return of the Jewelry) no later than February 20, 2018. The

evidence therefore supports Regal's contention that interest should accrue beginning no later

than February 20, 2018 with respect to the $18,000 purchase price for the diamond chain.

The different methodologies proposed by the parties as to the other portions of the debt

actually produce almost the same interest calculation. Under Regal's proposal, interest accrued

on the $268,000 debt at a rate of 9% from February 20, 2018 to April 15, 2021. Using a 365-day

year as a basis for calculation (and adjusting for the fact that 2020 was a leap year), that interest

accrual amounts to $75,928.44. Under Wildenstein's proposal (modified as set forth above as to

the $18,000 owed for the diamond chain and using the bankruptcy petition date as the accrual

date for the payment that otherwise would have been due on April 7, 2018), the interest

calculations through April 15, 2021 would actually be higher ($76,144.18):

| Date | Amount | Years Elapsed | Interest |
|---|---|---|---|
| 1/7/2018 | $62,500.00 | 3.268493151 | $18,385.27 |
| 2/7/2018 | $62,500.00 | 3.183561644 | $17,907.53 |
| 2/20/2018 | $18,000.00 | 3.147945205 | $5,099.67 |
| 3/7/2018 | $62,500.00 | 3.106849315 | $17,476.03 |
| 3/20/2018 | $62,500.00 | 3.071232877 | $17,275.68 |
| **Total** | | | **$76,144.18** |

I find that Regal's proposed methodology is reasonable and is consistent with the

evidence at trial, which plainly shows that the entire debt was acknowledged by Wildenstein and

by Mr. Klein and that payment in full (or a return of the Jewelry) was properly demanded no

later than February 20, 2018. I therefore award prejudgment interest in the amount of

$75,928.44 and will direct entry of judgment in the amount of $343,928.44 as of April 15, 2021.

## Punitive or Treble Damages

In its Complaint, Regal sought an award of prejudgment interest, and that is the issue upon which the Court directed the parties to make further submissions.  However, Regal included a new demand in its submission for an award of punitive damages, which it argues should be assessed as treble damages in light of Wildenstein's conduct.  No such request was included in the prior pleadings.  In addition, no request for such relief was set forth in the Joint Pretrial Order that was prepared in accordance with the Court's rules, which required to parties to state all of the relief that they sought, all of the grounds on which they contended that such relief was appropriate, and all of the issues that were to be tried by the Court.  If a request for punitive damages had been made at a proper time then it is conceivable that Wildenstein might have offered additional evidence at trial.  The new post-trial request for such an award therefore is procedurally improper, would conflict with the statement of relief set forth in the Joint Pretrial Order, and would be prejudicial to Wildenstein, and is denied.

## Conclusion

For the foregoing reasons and those set forth in this Court's Decision dated March 24, 2021, the Clerk is directed to enter judgment in favor of Regal and against Wildenstein in the amount of $343,928.44 as of April 15, 2021 (consisting of a debt of $268,000 and prejudgment interest of $75,928.44), with interest on the judgment to accrue from and after April 15, 2021 at the federal judgment rate.

Dated: New York, New York
       April 15, 2021

/s/Michael E. Wiles
**HONORABLE MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

4